Joseph KOMARINSKI and Rose Komarinski, his wife, Plaintiffs,

v.

Emmett Merle BULLARD, Defendant, Joseph Komarinski, Third-Party Defendant.

Civ. A. No. 14079.

United States District Court W. D. Pennsylvania.

Feb. 5, 1959.

Alexander L. Suto, Suto, Power, Goldstein & Walsh, Pittsburgh, Pa., for plaintiff.

Joseph F. Weis, Jr., Weis & Weis, Pittsburgh, Pa., for defendant.

Edward B. Doran, Greensburg, Pa., for third-party defendant.

GOURLEY, Chief Judge.

In this action for damages arising out of a motor vehicle collision, the court entered judgment in favor of the defendant, after the jury, in answer to specific interrogatories, found the plaintiff, Joseph Komarinski, husband of Rose Komarinski, the other plaintiff, guilty of con-

tributory negligence and defendant free of negligence.[1]

Plaintiff has filed timely motion for new trial in which it is contended:

1. The verdict was against the weight of the credible evidence.

2. The trial court erred in moulding the verdict based upon the jury's answers to interrogatories rather than requiring the jury to render a general verdict.

Plaintiff's case rested upon the claim that while their car was stopped at a T intersection, awaiting a change in a traffic signal, defendant's tractor-trailer approaching from the same direction and from plaintiff's right side executed a left turn so as to collide into plaintiff's car. Defendant contended that plaintiff's car was moving at the time of the accident and ran into the rear of the left side of defendant's tractor-trailer, because of the inattention of the plaintiff driver and his failure to observe the truck making its left turn.

### The Verdict Was Against the Weight of the Credible Evidence

■ The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontraverted facts and the contraverted facts are questions for the jury. If there is a reasonable basis for concluding that negligence of the defendant was not the cause of plaintiff's injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

■ Upon careful scrutiny and evaluation of all testimony, I am satisfied that such inferences are deducible from the weight of the credible evidence to support the conclusion that defendant was not negligent in the operation of the tractor-trailer and that plaintiff's own contributory negligence was the proximate cause of the accident. I have frequently stated that such testimony cannot be summarily expunged, whether the jury weighs it in favor of plaintiff or defendant, in order to substitute the personal opinion of the court.

It is my judgment that the verdict rendered was not against the evidence or the weight of all the credible evidence.

### The Court Erred in Moulding the Verdict Based upon the Jury's Answers to Interrogatories Rather Than Requiring the Jury to Render a General Verdict.

■ Plaintiff's contention that the court erred in submitting special interrogatories to the jury and entering judgment in conformity with the answers elicited is most extraordinary in view of the fact that this member of the court and his associate judges have frequently invoked this procedure for many years. No objection was made prior to submission of the interrogatories to the jury, nor is complaint presently made as to their form or desirability. Complaint is directed solely at the court's failure to submit a general verdict form to the jury.

Rule 49(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., authorizes a court to require a jury to return only a special verdict in the form of a special written finding upon each issue of fact.

1. The jury made the following findings:
"Was the defendant, Emmett Merle Bullard, guilty of negligence which was the proximate cause of the accident?
"Answer: No
"Was the plaintiff, Joseph Komarinski, guilty of negligence which contributed in any degree to the accident and injuries sustained?
"Answer: Yes
"Was the third-party defendant, Joseph Komarinski, guilty of negligence which was the proximate cause of the accident?
"Answer: Yes
"What damages were sustained by Joseph Komarinski as the proximate result of the accident?
"Answer: $3,000.00
"What damages were sustained by Rose D. Komarinski as the proximate result of the accident?
"Answer: $700.00"

This Circuit has recognized that the practice of submitting special interrogatories is to be encouraged, particularly in cases such as this when interrogatories, unlike a general verdict assure and make explicit decision upon several issues which must be resolved before a proper disposition can be made of the case. Cate v. Good Bros. Inc., 3 Cir., 181 F.2d 146.

■ Not only do the answers to interrogatories guide the district judge in moulding the verdict to be consistent and in accordance with law, but frequently avoid the expense and litigiousness of retrial of primary issues when the reviewing court applies the law differently than the trial judge. The matter of the form of a special verdict and interrogatories is within the sound discretion of the trial court. DeEugenio v. Allis Chalmers Mfg. Co., 3 Cir., 210 F.2d 409.

Defendant's objection is without merit.

Defendant's motion for new trial will be refused.

An appropriate order is entered.

